**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN NAVARRO,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BERNADETTE MASON, et al.,** | : | **NO.   19-cv-1978** |
| *Respondents*. | : | |

**<u>MEMORANDUM</u>**

Kenney, J.                                                                                   **May 1, 2024**

On April 25, 2011, Petitioner Navarro was convicted of third-degree murder and sentenced to 20 to 40 years' imprisonment.   ECF No. 53 at 3.   Now, Petitioner seeks relief through a writ of habeas corpus, which asserts a single claim:   "Denial of the 6th Constitutional Amendment Right to the Effective Assistance of Counsel due to Counsel's failure to object to the Court's defective Reasonable Doubt Instructions."   ECF No. 2 at 7; *see also* ECF No. 53 at 4.

On January 12, 2024, Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation (ECF No. 53 (the "Report and Recommendation")) recommending denial of Petitioner's Petition for Habeas Corpus (ECF No. 2 (the "Petition")) without the issuance of a certificate of appealability.   ECF No. 53 at 22.   On February 2, 2024, Petitioner filed an Objection to the Report and Recommendation (ECF No. 54 (the "Objection")).   The Court now writes to address (1) Petitioner's Objection; (2) Petitioner's request for a "Limited Discovery Order," ECF No. 54 at 3; and (3) whether Petitioner is entitled to a Certificate of Appealability.[1] For the reasons described below, the Court overrules all of Petitioner's objections, denies

---

[1]  In providing the reasoning herein, the Court assumes the parties' familiarity with the facts of this case.   For a detailed overview of the facts, the Court refers the reader to Judge Sitarski's Report and Recommendation (ECF No. 53).

Petitioner's request for a Limited Discovery Order, and declines to grant a Certificate of Appealability.

## I. PETITIONER'S OBJECTIONS

Although Petitioner writes that he objects to the "entirety" of the Report and Recommendation, *id.* at 1, Petitioner lodges only three specific objections. The Court writes to address those three objections here.

First, Petitioner objects to Judge Sitarski's "assessment of the credibility of the Commonwealth's witnesses" because it is not supported by the facts of the case. *Id.* This argument is meritless and is belied by Judge Sitarski's analysis and citations to the record in the Report and Recommendation. *See* ECF No. 53 at 14-16. For example, Judge Sitarski explains that Petitioner's criticisms of inconsistencies in witness Pagan's testimony are irrelevant; whether Pagan knew Petitioner for two months or twelve months is irrelevant to the purpose of her testimony, which was to identify Petitioner. *See id.* at 15. In explaining this, Judge Sitarski cites the relevant portion of the trial transcript. *Id.* (citing N.T. 4/13/11 at 42). As another example, Judge Sitarski describes the testimony of two key witnesses: (1) Bermudez, an eyewitness to the murder, who testified that he watched Petitioner shoot Gonzales; and (2) Alamo, who overheard Petitioner's two confessions and explanation of his motive: Petitioner was seeking revenge, as he thought the victim had shot Petitioner's brother. *Id.* at 14. This analysis, too, is grounded in trial testimony. N.T. 4/15/11 at 166; N.T. 4/18/11 at 38. Tellingly, Petitioner does not challenge the testimony of these two witnesses in his briefing or his Objection. *See generally* ECF Nos. 2, 44, 54; *see also* ECF No. 53 at 14 (noting that Petitioner fails to "specifically address" the testimony of Bermudez or Alamo).

Second, Petitioner objects that Judge Sitarski's analysis of the credibility of the

2

Commonwealth's witnesses is "a substitution for what the jury would have considered." ECF No. 54 at 1. But of course, given the legal framework that is applicable to ineffective assistance of counsel claims, Judge Sitarski *must* presume the role of a jury. As Judge Sitarski correctly explains, an ineffective assistance of counsel claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). And under *Strickland*, the Court must analyze (i) whether counsel's performance was deficient, and—as relevant here—(ii) whether the deficient performance prejudiced the defense, that is, whether "there is a reasonable probability that, but for counsel's deficient performance, ***the result of the proceeding would have been different***." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (emphasis added). As applied here—assuming that the jury instruction given was unconstitutional and counsel's failure to object to it was deficient—the Court must ask itself whether, but for counsel's failure to object to the jury instruction, the jury would have found in favor of Petitioner. In other words, the Court must necessarily assume the role of the jury.

Third, Petitioner objects to Judge Sitarski's analysis of the purported "misconduct history" of Detective John McDermott. ECF No. 54 at 2. Specifically, Petitioner contends that Judge Sitarski incorrectly found that McDermott was not found liable for misconduct in *Whitaker v. City of Philadelphia*, 2021 WL 5769536 (E.D. Pa. Dec. 6, 2021) (*Whitaker I*) and cites to a brief filed by the Commonwealth in a separate matter that purportedly acknowledges McDermott's misconduct in *Whitaker I*. ECF No. 54 at 2-3. This objection fails too.

As an initial matter, it is worth noting that the Commonwealth's brief cites to *Commonwealth v. Whitaker*, CP-51-CR-0413791-2002 (*Whitaker II*), a case in the Court of Common Pleas of Philadelphia County —***not*** the *Whitaker I* opinion, which was an opinion written

3

by Judge Wolson in the United States District Court for the Eastern District of Pennsylvania and analyzed by Judge Sitarski in her Report and Recommendation.   ECF No. 54 at 12 n.10.

In any case, Judge Sitarski's ultimate point is that the Court cannot "infer" that McDermott committed misconduct in this case simply because there are other cases in which other plaintiffs have alleged, or other courts have found, that McDermott committed misconduct. ECF No. 53 at 16-19.   And that remains true whether or not McDermott was found to have committed misconduct in *Whitaker II*.   Petitioner does not argue that the facts of those other cases are somehow relevant to those here; he only argues that because McDermott committed misconduct previously, he must have done so here.   That argument is speculative and meritless, and the Court rejects it.

Accordingly, Petitioner's Objections are overruled.

## II.   PETITIONER'S REQUEST FOR A "LIMITED DISCOVERY ORDER"

In the alternative to habeas relief, Petitioner seeks a "Limited Discovery Order" of McDermott's misconduct record.   ECF No. 54 at 3.   "Habeas petitioners are entitled to discovery only upon a showing of 'good cause,' and even then, the scope of discovery is subject to a district court's sound discretion."   *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) (citation omitted). Here, Petitioner was already provided discovery during his criminal proceeding and does not contend otherwise.   Moreover, Judge Sitarski has already reviewed the four cases in which Petitioner claimed McDermott had been found to commit misconduct and found McDermott had committed misconduct in only one case.   Accordingly, no "good cause" for such a discovery order exists here, and Petitioner's request is denied.

## III.   CERTIFICATE OF APPEALABILITY

In a habeas proceeding, a certificate of appealability may only be issued "if the applicant

4

has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Petitioner does not satisfy this standard here.   While it is true that the Third Circuit has not decided whether the trial court's reasonable doubt jury instruction is unconstitutional, *see* ECF No. 53 at 8 (citing *Baxter v. Superintendent Coal Twp. SCI*, 998 F.3d 542, 547-48 (3d Cir. 2021) (noting that the court "need not decide" whether an identical jury instruction likening reasonable doubt to the decision to undergo surgery is unconstitutional and instead ruling on prejudice grounds)), Judge Sitarski did not decide the Petition on those grounds.   Instead, she ruled on prejudice grounds alone.   Given the overwhelming evidence against Petitioner as discussed above and in the Report and Recommendation—such as the eyewitness account and clear evidence of motive, neither of which Petitioner objects to—no reasonable jurist could conclude that Petitioner was prejudiced by counsel's ineffectiveness, and there are no issues that need to proceed further. Therefore, the Court will deny Petitioner a Certificate of Appealability.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**